UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NATE WALKER (#433462)                                CIVIL ACTION

VERSUS

DARREL VANNOY, WARDEN, ET AL.                         NO. 16-0130-JWD-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 22, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NATE WALKER (#433462)                              CIVIL ACTION

VERSUS

DARREL VANNOY, WARDEN, ET AL.                      NO. 16-0130-JWD-EWD

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Darrel Vannoy, asserting that because of deficiencies in the state court Bill of Information under which he was charged and convicted in 2009, the State of Louisiana lacks jurisdiction to hold him in confinement. He prays for an immediate release from the Louisiana Department of Public Safety and Corrections.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding in forma pauperis or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999), *citing Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id. See also Tate v. Gusman*, 459 F. Supp. 2d 519, 522 (E.D. La. Nov. 7, 2006), *citing Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). A claim has no arguable basis in law if it is based upon

an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady, supra, citing Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Douglas v. Gusman*, 567 F.Supp.2d 877, 883 (E.D. La. June 9, 2008), *citing Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994), *quoting Neitzke v. Williams, supra*, 490 U.S. at 327. Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992), *citing Denton v. Hernandez, supra*, 504 U.S. at 33. A § 1915 dismissal may be made at any time if the Court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The plaintiff's claim is not properly before this Court. Specifically, his Complaint, which is presented on a form for the assertion of the violation of his constitutional civil rights under 42 U.S.C. § 1983, seeks relief that is obtainable only through an application for a writ of habeas corpus under 28 U.S.C. § 2254. This determination is made by focusing on the scope of relief sought by the petitioner in his Complaint. *See Cornelius v. Warren*, 2009 WL 2514141, *2 (W.D. La. Aug. 13, 2009), *citing Serio v. Members of the Louisiana State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir. 1987). In this regard, the United States Supreme Court determined that a challenge by a prisoner to the fact or duration of his confinement and seeking immediate or earlier release from that confinement must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In addition, in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court concluded that a prisoner's § 1983 claim that directly or indirectly challenges the validity of his confinement may

not be asserted unless the prisoner can show that the sentence of confinement has been reversed, expunged, declared invalid, or otherwise called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, because the plaintiff in this case challenges his present confinement and seeks release from that confinement, and because he has not alleged or shown that his conviction or sentence has been overturned, his § 1983 claim is subject to dismissal, without prejudice to his right to pursue a separate claim for habeas corpus relief.[1]

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A, without prejudice to the plaintiff's right to seek habeas corpus relief.[2]

Signed in Baton Rouge, Louisiana, on March 22, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court declines to interpret the plaintiff's Complaint as being, in part, an application for habeas corpus relief under 28 U.S.C. § 2254. The plaintiff has previously pursued habeas corpus relief before this Court, *see Nate Walker v. N. Burl Cain, Warden, et al.*, Civil Action No. 13-0247-JJB-SCR, and *Nate Walker v. N. Burl Cain, Warden, et al.*, Civil Action No. 15-0223-JJB-SCR, and he will need to obtain prior authorization from the United States Court of Appeals for the Fifth Circuit before he is allowed to pursue any subsequent habeas corpus applications. *See* 28 U.S.C. § 2244(b).

[2] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."